UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| JOSE GUADALUPE VALDEZ, JR., | Case No. 3:23-cv-01814-MC |
| Petitioner, | AMENDED ORDER OF DISMISSAL |
| v. | |
| FEDERAL DISTRICT COURT; USDA, | |
| Respondents. | |

MCSHANE, Chief Judge.

Petitioner brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and applies for leave to proceed in forma pauperis (IFP).[1] Plaintiff is unable to afford the costs of this action, and his IFP application is GRANTED. However, Petitioner fails to show entitlement to habeas relief, and the Petition is DENIED.

---

[1] Petitioner also cites 28 U.S.C. § 2254 in support of his Petition, but he does not challenge a final state court judgment. Accordingly, the Petition is construed as one brought under 28 U.S.C. §2241. *See* 28 U.S.C. § 2241(c)(3) (allowing federal review of habeas petitions alleging unlawful confinement in violation of the United States Constitution).

1   - AMENDED ORDER OF DISMISSAL

Petitioner seeks to challenge his 2021 federal conviction for Felon in a Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). Petitioner claims that his guilty plea was not knowing or voluntary and that he was coerced into admitting guilt. Petitioner also challenges his confinement in Washington County on state criminal charges, arguing that he has been detained in violation of his speedy trial rights.

Generally, a petitioner who seeks to challenge the legality of a federal conviction or sentence must file a motion for relief under 28 U.S.C. § 2255 rather than a habeas petition under 28 U.S.C. § 2241. *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006). "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." *Id.* (citation omitted). Petitioner may seek relief under § 2241 only if he shows that the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention." *Id.*; 28 U.S.C. § 2255(e). To allow federal review of his claim, Petitioner must make a claim of "actual innocence" and show that he has not had "'an unobstructed procedural shot' at presenting that claim." *Stephens*, 464 F.3d. at 898 (citation omitted).

Petitioner fails to show that he did not have an unobstructed opportunity to present his claim in a § 2255 motion. In fact, Petitioner recently filed a § 2255 motion in his federal criminal case and that motion remains pending. *See* Case No. 3:19-cv-00323-IM (ECF No. 177). Accordingly, Petitioner's § 2241 Petition is premature and likely barred with respect to his federal conviction. Further, Petitioner has been released from Washington County's custody, and his request for habeas relief is moot in that regard. *Spencer v. Kemna,* 523 U.S. 1, 7 (1998).

2    - AMENDED ORDER OF DISMISSAL

Finally, Petitioner requests damages for his allegedly unlawful confinement in Washington County. However, Petitioner cannot pursue damages in a habeas action; rather, he must pursue a civil rights claim under 42 U.S.C. § 1983.

## CONCLUSION

Petitioner's Application for Leave to Proceed IFP (ECF No. 4) is GRANTED and his Motion for Appointment of Counsel (ECF No. 5) is DENIED.

For the reasons explained above, the Petition for Writ of Habeas Corpus (ECF No. 1) is DENIED and this action is DISMISSED.

IT IS SO ORDERED.

DATED this 5th day of March, 2024.

                                                     s/ Michael J. McShane
                                                     MICHAEL J. MCSHANE
                                                     United States District Judge